UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION** | **No. 1:21-MD-3010 (PKC)** |

*This Document Relates To:*

| | |
|---|---|
| **INFORM INC.**<br><br>                              *Plaintiff,*<br><br>              -against-<br><br>**GOOGLE LLC, ALPHABET INC., and YOUTUBE LLC,**<br><br>                              *Defendants.* | **No. 1:23-cv-01530-PKC** |

### DEFENDANTS GOOGLE LLC, ALPHABET INC., AND YOUTUBE LLC'S ANSWER TO PLAINTIFF INFORM'S COMPLAINT

Defendants Google LLC, Alphabet Inc., and YouTube, LLC (together, "Google") answer the Complaint of Inform, Inc. ("Plaintiff"), through undersigned counsel as set forth below. Google generally denies the legal claims asserted in Plaintiff's April 28, 2023 Complaint, ECF No. 535 (the "Complaint"). Ad tech (the technology that powers digital advertising on publishers' sites) is an important part of a healthy web. Google's investments and innovations in this space help publishers fund their work, make it easy for large and small businesses to reach consumers, and support the proliferation of creative and diverse content. Google's products foster competition for the benefit of publishers, advertisers, and consumers.

Pursuant to the Court's March 14 order (ECF No. 714), Google understands that it is required to answer the federal law allegations that have survived a motion to dismiss. To the extent that Plaintiff intends for any paragraph to support its state law claims, Google has sought leave to move to dismiss such claims, and the Court has instructed Plaintiff to amend its pleading as to its state law claims, so Google does not answer with respect to those claims. *See* ECF Nos. 719, 720, 736. Thus, the following answer should not be considered a waiver of any grounds for dismissal of a state law claim.

## RESPONSE TO NUMBERED PARAGRAPHS

Except to the extent specifically admitted herein, Google denies each and every allegation contained in the Complaint, including all allegations contained in headings or otherwise not contained in one of the Complaint's 393 numbered paragraphs. Google generally denies the legal claims asserted in the Complaint and responds to the Complaint's numbered paragraphs as follows.

1.      Google admits that Plaintiff seeks to assert various claims under federal and state laws, but denies that Plaintiff has adequately stated a claim under those laws and denies that Google has violated any of those laws and denies that Plaintiff is entitled to any of the remedies or relief sought in the Complaint. Google denies the allegations in Paragraph 1 in all other respects.

2.      Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2 and on that basis denies those allegations. Google denies the allegations in Paragraph 2 in all other respects.

3.      Google lacks knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations in Paragraph 3 and on that basis denies those allegations.  To the extent the allegations in Paragraph 3 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 3 in all other respects.

4.      Google admits it made about $257.6 billion in revenue in 2021, of which Google advertising accounted for approximately $209.5 billion.   Google denies the allegations in Paragraph 4 in all other respects.

5.      As to the first sentence of Paragraph 5 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 5 in all other respects.

6.      Google denies the allegations in Paragraph 6 of the Complaint.

7.      Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 and on that basis denies those allegations.  Google denies the allegations in Paragraph 7 in all other respects.

8.      Google denies the allegations in Paragraph 8 of the Complaint.

9.      Google denies the allegations in Paragraph 9 of the Complaint.

10.      Google denies the allegations in Paragraph 10 of the Complaint.

11.      Google denies the allegations in Paragraph 11 of the Complaint.

12.      Google denies the allegations in Paragraph 12 of the Complaint.

13.      As to the first sentence of Paragraph 13, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 13 in all other respects.

14.      Google denies the allegations in Paragraph 14 of the Complaint.

15.     Google understands Paragraph 15 to have been dismissed as to (i) Plaintiff's Section 2 claim related to leveraging Google's search, Android, browser, and ad server businesses, (ii) Plaintiff's claim that Minimum Bid to Win was anticompetitive, and (iii) Plaintiff's claim that the supposed Encryption of User IDs was anticompetitive.  To the extent Plaintiff relies on the allegations in Paragraph 15 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 15 requires a response, Google answers that to the extent the allegations in Paragraph 15 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 15 in all other respects.

16.     Google denies the allegations in Paragraph 16 of the Complaint.

17.     Google denies the allegations in Paragraph 17 of the Complaint.

18.     To the extent the allegations in Paragraph 18 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 18 in all other respects.

19.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 and on that basis denies those allegations.  Google denies the allegations in Paragraph 19 in all other respects.

20.     Google admits that it is a limited liability company organized and existing under the laws of the State of Delaware, and that it maintains a Mountain View, California business address; that it is a technology company that provides numerous internet-related products, including online advertising technologies; and that it maintains an office in New York City.

Google admits that it owns and operates Gmail, Google Maps, and Android.  Google denies the allegations in Paragraph 20 in all other respects.

21.     Google admits that Alphabet Inc. is a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043; Alphabet is traded on the NASDAQ under the symbol "GOOGL" and is included in the S&P 100 Index.  To the extent the allegations in Paragraph 21 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 21 in all other respects.

22.     Google admits it is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company that is incorporated and existing under the laws of the State of Delaware and maintains a Mountain View, California business address; that Alphabet Inc. was incorporated in 2015 as a holding company for Google; and that Alphabet Inc. and Google have the same Chief Executive Officer.  Google further admits that it was originally incorporated in California in September 1998 and was reincorporated in Delaware in August 2003; and in 2017, Google was reorganized as a limited liability company.  Google denies the allegations in Paragraph 22 in all other respects.

23.     Google admits that YouTube is a Delaware limited liability company with its principal place of business at 901 Cherry Avenue, San Bruno, California 94066.  Google admits that Defendant YouTube is a wholly owned and controlled subsidiary of Google.  Google denies the allegations in Paragraph 23 in all other respects.

24.     To the extent the allegations in Paragraph 24 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any

characterization or description that is inconsistent therewith.  Google admits that Sundar Pichai is the Chief Executive Officer of Google and Alphabet.  Google further admits Google has owned and operated YouTube since 2006.  Google denies the allegations in Paragraph 24 in all other respects.

25.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 and on that basis denies those allegations.  Google denies the allegations in Paragraph 25 in all other respects.

26.     Paragraph 26 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google does not dispute federal subject matter jurisdiction.

27.     Paragraph 27 contains legal conclusions to which no response is required; to the extent a response is deemed necessary, Google denies the allegations in Paragraph 27.

28.     Paragraph 28 contains legal conclusions to which no response is required; to the extent a response is deemed necessary, Google does not dispute personal jurisdiction in this matter.

29.     Paragraph 29 contains legal conclusions to which no response is required; to the extent a response is deemed necessary, Google does not dispute venue in this matter.

30.     Paragraph 30 contains legal conclusions to which no response is required; to the extent a response is deemed necessary, Google does not dispute that this action was transferred to the Southern District of New York by the Judicial Panel on Multidistrict Litigation for centralization on February 14, 2023.

31.     Google denies the allegations in Paragraph 31 of the Complaint.

32.     Google admits that the Internet expanded the opportunities for companies to

advertise and that some traditional print publishers established websites and published substantive content online.  Google denies the allegations in Paragraph 32 in all other respects.

33.     Google admits online advertising involves the use of the Internet as a medium to obtain website traffic and target and deliver marketing messages; and that the Internet may be accessed on both desktop and mobile devices and on mobile apps.  Google otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 and on that basis denies those allegations.

34.     Google admits that on its search engine platform, ads can appear within the results from a keyword search.  Google further admits that a graphical ad displayed on a website that is viewed in an internet browser can be referred to as a display ad and that a display ad may contain images, text, or multimedia.  Google denies the allegations in Paragraph 34 in all other respects.

35.     As to the first sentence of Paragraph 35 of the Complaint, Google admits that when a viewer or user of a webpage loads and views the page, she provides the publisher with the opportunity to populate that page with advertising from an advertiser.  Google further admits that a single display ad shown to a single user on a single occasion can be referred to as an impression.  Google denies the allegations of Paragraph 35 in all other respects.

36.     Google admits that when a user visits a publisher's website, a series of interactions can occur that result in an ad being displayed to a user.  Google further admits that publishers use a variety of products and services to help sell their display ad inventory and that advertisers use a variety of products and services to help purchase display ad inventory.  Google denies the allegations in Paragraph 36 in all other respects.

37.     Google admits that online publishers sell their inventory to advertisers both directly and indirectly, including through advertising marketplaces; that "direct" sales are those

in which a publisher sells its ad inventory directly to advertisers; that such direct sales can include sales through the publisher's internal sales team and the publisher's private auctions. Google admits that indirect sales can occur through "ad exchanges" and through "networks" of publishers and advertisers, and that in addition to or as an alternative to direct sales, publishers can let ad exchanges auction their inventory in real-time and keep a portion of the proceeds in return.  Google denies the allegations in Paragraph 37 in all other respects.

38.     Google admits that sophisticated tools have been developed to automate the bidding and purchasing of ad inventory and that some online ads are bought and sold in fractions of a second using these tools.  Google denies the allegations in Paragraph 38 in all other respects.

39.     Google admits that publisher ad servers perform a number of functions to enable them to select appropriate advertising for each page impression.  Google denies the allegations in Paragraph 39 in all other respects

40.     Google admits that ad exchanges can be used to auction ad impressions on a particular webpage; that ad exchanges can send bid requests to eligible bidders and that exchanges in general must, at some point, close the auction and choose a winner from the bids received.  Google further admits that advertisers of all sizes use demand-side platforms.  Google denies the allegations in Paragraph 40 in all other respects.

41.     Google admits that publishers can configure their indirect sales channels in their publisher ad server configurations; that publishers can route their inventory to multiple different exchanges and networks; and that publishers can configure how various exchanges and networks can access and compete for the publishers' inventory through their ad servers.  Google denies the allegations in Paragraph 41 in all other respects.

42.     Google admits ad exchanges may request participating buyers to place bids.

Google denies the allegations in Paragraph 42 in all other respects.

43.     Google admits that publishers can use ad servers to make ad impressions available for sale.  Google further admits that publisher ad servers generally are responsible for selecting, in accordance with the publisher's preferences, the ads or ad providers for a particular impression; and that publisher ad servers perform a number of functions to enable them to select appropriate advertising for each impression; that some ad campaign billing models, such as cost-per-mille, charge advertisers based on a specified number of impressions.  Google denies the allegations in Paragraph 43 in all other respects.

44.     Google admits that some ad exchanges receive a portion of the price reached by the buyer and seller.  Google admits that buying tools charge different prices, in part due to differences in their features.  Google denies the allegations in Paragraph 44 in all other respects.

45.     The figure in Paragraph 45 purports to show the publisher's view of the Ad Tech Stack, to which no response is required.  To the extent a response to Paragraph 45 is deemed necessary, Google denies that the figure in Paragraph 45 presents a fair, accurate, and complete description of the matters described therein and, on that basis, denies the allegations contained in the figure in Paragraph 45.

46.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46 and on that basis denies those allegations.  Google denies the allegations in Paragraph 46 in all other respects.

47.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47 and on that basis denies those allegations.  Google denies the allegations in Paragraph 47 in all other respects.

48.     Google lacks knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations in Paragraph 48 and on that basis denies those allegations.  Google denies the allegations in Paragraph 48 in all other respects.

49.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49 and on that basis denies those allegations.  Google denies the allegations in Paragraph 49 in all other respects.

50.     The figure in Paragraph 50 purports to show an advertisement on a newspaper website, to which no response is required.  To the extent a response to Paragraph 50 is deemed necessary, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50 and on that basis denies those allegations.  Google denies the allegations in Paragraph 50 in all other respects.

51.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51 and on that basis denies those allegations.  Google denies the allegations in Paragraph 51 in all other respects.

52.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52 and on that basis denies those allegations.  Google denies the allegations in Paragraph 52 in all other respects.

53.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53 and on that basis denies those allegations.  Google denies the allegations in Paragraph 53 in all other respects.

54.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 54 and on that basis denies those allegations.  Google denies the allegations in Paragraph 54 in all other respects.

55.     To the extent the allegations in Paragraph 55 characterize or describe documents

or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55 and on that basis denies those allegations.  Google denies the allegations in Paragraph 55 in all other respects.

56.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56 and on that basis denies those allegations.  Google denies the allegations in Paragraph 56 in all other respects.

57.     To the extent the allegations in Paragraph 57 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57 and on that basis denies those allegations.  Google denies the allegations in Paragraph 57 in all other respects.

58.     As to the second and third sentences of Paragraph 58 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 58 in all other respects.

59.     Google admits that it operates AdSense and Google Ads.  Google denies the allegations in Paragraph 59 in all other respects.

60.     As to the first and second sentences of Paragraph 60 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph

60 in all other respects.

61.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61 and on that basis denies those allegations.  Google denies the allegations in Paragraph 61 in all other respects.

62.     Google admits publishers can sell their ad inventory to advertisers directly through their marketing departments or indirectly through programmatic ad auctions.  Google denies the allegations in Paragraph 62 in all other respects.

63.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 63 and on that basis denies those allegations.  Google denies the allegations in Paragraph 63 in all other respects.

64.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 64 and on that basis denies those allegations.  Google denies the allegations in Paragraph 64 in all other respects.

65.     As to the second, third, and fourth sentences of Paragraph 65 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 65 in all other respects.

66.     Google denies the allegations in Paragraph 66 of the Complaint.

67.     Google admits that ad servers generally are responsible for selecting, in accordance with the publisher's preferences, the ads or ad providers for a particular page impression from among candidates identified through a publisher's direct and indirect sales channels.  Google denies the allegations in Paragraph 67 in all other respects.

68.     Google lacks knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations in Paragraph 68 and on that basis denies those allegations. Google denies the allegations in Paragraph 68 to the extent they purport to describe Google's actions.

69. Google admits that its PageRank algorithm was an innovation that reviewed linking activity. Google denies the allegations in Paragraph 69 in all other respects.

70. Google admits that Google Ads (formerly known as AdWords) was launched in 2000; that it developed an ad buying tool; and that it turned its first profit in 2001. Google denies the allegations in Paragraph 70 in all other respects.

71. Google admits that some search products and services, including Google Search, are available to consumers free of charge. Google admits that when a consumer uses Google, the consumer can choose to provide certain information to Google. Google admits that it sometimes sells ads. Google denies the allegations in Paragraph 71 in all other respects.

72. Google denies the allegations in Paragraph 72 of the Complaint.

73. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 73 and on that basis denies those allegations. Google denies the allegations in Paragraph 73 in all other respects.

74. Google admits that its advertising revenues in Q3 2019 were approximately $33.9 billion; that its advertising revenues in Q3 2022 were approximately $54.5 billion. The figure in Paragraph 74 purports to show Google advertising revenues, to which no response is required. To the extent a response to the Figure in Paragraph 74 is deemed necessary, Google denies that the figure presents a fair, accurate, and complete description of the matters described therein and, on that basis, denies the allegations contained in Paragraph 74. Google denies the allegations in Paragraph 74 in all other respects.

75. Google admits that, since its founding in 1998, it has acquired various companies.

As to the fourth, fifth and sixth sentences of Paragraph 75, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 75 in all other respects.

76.     Google admits that it operates ad networks, including AdSense for Content. Google denies the allegations in Paragraph 76 in all other respects.

77.     Google admits that the service previously known as AdWords is now known as Google Ads.   Google admits that advertisers can use Google Ads to bid on Google's ad exchange.   Google admits that advertisers can purchase Google Search ads on Google Ads. Google denies the allegations in Paragraph 77 in all other respects.

78.     Google denies the allegations in Paragraph 78

79.     Google admits that some ad campaign billing models, such as cost-per-mille or cost-per-impression, charge advertisers based on a specified number of impressions.  Google admits that cost measures may be used, in part, to assess the effectiveness of online advertising. Google denies the allegations in Paragraph 79 in all other respects.

80.     Google denies the allegations in Paragraph 80 of the Complaint.

81.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 81 and on that basis denies those allegations.  It denies the allegations in Paragraph 81 in all other respects.

82.     Google admits that video campaigns can run in a number of formats.  To the extent the allegations in Paragraph 82 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies all other allegations in Paragraph 82.

83.     Google admits that Google Ad Manager's ad serving functionality is the

successor to an ad server product, DoubleClick for Publishers, that Google acquired as part of its 2008 acquisition of DoubleClick.  To the extent the allegations in Paragraph 83 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 83 in all other respects.

84.     Google admits it operates an ad exchange, which previously was known as DoubleClick Ad Exchange or "AdX."  Google denies the allegations in Paragraph 84 in all other respects.

85.     Google admits that advertisers of all sizes use demand side platforms; that some demand side platforms provide tools that allow their users to manage their advertising purchases; and that it offers an ad buying tool known as Display & Video 360.  Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 85 and on that basis denies those allegations.  Google denies the allegations in Paragraph 85 in all other respects.

86.     Google admits that it acquired YouTube in 2006, for $1.194 billion.  Google admits that YouTube is a consumer media company for people to watch and share original videos worldwide through a web experience.  Google also admits that YouTube lets users find, upload, view, and share video content worldwide.  Google denies the allegations in Paragraph 86 in all other respects.

87.     To the extent the allegations in Paragraph 87 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 87 in all other respects.

88.     To the extent the allegations in Paragraph 88 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 88 in all other respects.

89.     Google denies the allegations in Paragraph 89.

90.     Google admits that Google Inc. purchased the Android mobile operating system in 2005, but denies Plaintiff's characterization of that transaction.  Google further admits that it has continued to develop Android and that it owns patents related to Android.  As to the second sentence of Paragraph 90 of the Complaint, on the grounds that Google lacks knowledge or information sufficient to form a belief as to its truth or falsity and on that basis denies those allegations.  Google denies the allegations in Paragraph 90 in all other respects.

91.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91 and on that basis denies those allegations.  To the extent the allegations in Paragraph 91 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 91 in all other respects.

92.     Google understands Paragraph 92 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's Android business.  ECF No. 709 at 17-20.  To the extent Paragraph 92 requires a response, Google admits Android is licensable, which means third-party mobile-device manufacturers can use it as the operating system for their devices.  To the extent the allegations in Paragraph 92 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that

is inconsistent therewith.  Google denies the allegations in Paragraph 92 in all other respects.

93.     Google understands Paragraph 93 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's browser business.  ECF No. 709 at 17-20.  To the extent Paragraph 93 requires a response, Google admits that it released Google Chrome, a web browser in 2008.  Google denies the allegations in Paragraph 93 in all other respects.

94.     Google admits that it offers multiple product and service offerings.  Google denies the allegations in Paragraph 94 in all other respects.

95.     Google admits that, since its founding in 1998, it has acquired more than 227 companies, and that Google has spent over $27 billion on these acquisitions.  Google denies the allegations in Paragraph 95 in all other respects.

96.     Google denies the allegations in Paragraph 96 of the Complaint.

97.     Google admits it acquired Applied Semantics in 2003 for approximately $102 million.  Google denies the allegations in Paragraph 97 in all other respects.

98.     Google admits that the Federal Trade Commission ("FTC") investigated Google's proposed acquisition of DoubleClick but did not challenge the acquisition.  Google admits that it acquired DoubleClick in 2008 for $3.2 billion, and acquired both customer relationships, as well as patents and developed technology, through the transaction.  Google denies the allegations in Paragraph 98 in all other respects

99.     To the extent the allegations in Paragraph 99 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 99 in all other respects.

100.    To the extent the allegations in Paragraph 100 characterize or describe documents

or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 100 in all other respects.

101.   Google admits that it acquired AdMob for $750 million in 2009; that it acquired Invite Media in 2010. Google further admits that Display & Video 360 is derived in part from its acquisition of Invite Media and was formerly known as DoubleClick Bid Manager. Google denies the allegations in Paragraph 101 in all other respects.

102.   Google admits that it acquired Motorola Mobility Holdings, Inc. for $12.5 billion in May 2012. To the extent that the third sentence means to refer to Modu, Google admits it purchased patents from Modu for $4.9 million. Google further admits it purchased patents from IBM. To the extent the allegations in Paragraph 102 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 102 of the Complaint in all other respects.

103.   Google admits that, in 2011, it acquired AdMeld Inc. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 103 because the term "yield management" is undefined, and on that basis denies those allegations. Google also lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 103 and on that basis denies those allegations. Google denies the allegations in Paragraph 103 in all other respects.

104.   Google denies the allegations in Paragraph 104 of the Complaint.

105.   Google admits it acquired Fossil technology in January 2019. Google also admits it entered into an agreement to acquire Fitbit in November 2019, and acquired Fitbit in January

2021.  To the extent the allegations in Paragraph 105 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

106.    Google denies the allegations in Paragraph 106 of the Complaint.

107.    The allegations in the first sentence of Paragraph 107 of the Complaint are legal conclusions not subject to admission or denial.  Google denies the allegations in the second, third, fourth, and fifth sentences.

108.    The allegations in Paragraph 108 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 108 of the Complaint.

109.    Paragraph 109 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google admits that it may be appropriate to assess market shares within the United States, but denies that online video advertising is a relevant antitrust market.  Google denies the allegations in Paragraph 109 in all other respects.

110.    The allegations in Paragraph 110 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 110 of the Complaint.

111.    The allegations in Paragraph 111 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 111 of the Complaint.

112.    The allegations in Paragraph 112 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 112 and on that basis denies those allegations. Google denies the allegations in Paragraph 112 in all other respects.

113. The allegations in Paragraph 113 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial. To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 and on that basis denies those allegations.

114. The allegations in Paragraph 114 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial. To the extent a response is required, Google admits that video advertising typically involves audio and visual elements and that advertisers can use various advertising formats to achieve their campaign goals. Google denies the allegations in Paragraph 114 in all other respects.

115. The allegations in Paragraph 115 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial. To the extent a response is required, and to the extent the allegations in Paragraph 115 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 115 in all other respects.

116. The allegations in Paragraph 116 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial. To the extent a response is required, Google admits the existence of documents containing the quoted language, to which documents Google refers the Court for a complete and accurate statement of their contents. To the extent the allegations in Paragraph 116 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any

characterization or description that is inconsistent therewith. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, fourth, fifth, and sixth sentences of Paragraph 116 and on that basis denies those allegations. Google denies the allegations in Paragraph 116 in all other respects.

117.    Paragraph 117 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Google admits that it may be appropriate to assess market shares within the United States, but denies that ad servers is a relevant antitrust market. Google admits that publisher ad servers can help publishers manage their online display advertising inventory. Google denies the allegations in Paragraph 117 in all other respects.

118.    The allegations in Paragraph 118 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial. To the extent a response is required, Google admits that many publishers use one ad server at a time to manage their web display inventory and that a publisher may, for a variety of reasons, use more than one ad server. Google denies the allegations in Paragraph 118 in all other respects.

119.    The allegations in Paragraph 119 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial. To the extent a response is required, Google admits that publisher ad servers can help publishers manage their online display advertising inventory, including but not limited to image-based graphical ads alongside web content and that many publisher ad servers provide, to varying degrees and in varying ways, the listed features. Google denies the allegations in Paragraph 119 in all other respects.

120.    The allegations in Paragraph 120 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial. To the extent a

response is required, Google denies the allegations in Paragraph 120 of the Complaint.

121.    The allegations in Paragraph 121 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, and to the extent the allegations in Paragraph 121 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 121 in all other respects.

122.    The allegations in Paragraph 122 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. To the extent the allegations in Paragraph 122 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 122 in all other respects.

123.    The allegations in Paragraph 123 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, and to the extent the allegations in Paragraph 123 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 123 in all other respects.

124.    The allegations in Paragraph 124 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a

response is required, and to the extent the allegations in Paragraph 124 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  As to the last sentence of Paragraph 124 of the Complaint, Google admits that Google Ad Manager's ad serving functionality is the successor to an ad server product, formerly called DoubleClick for Publishers or "DFP," and that Google Ad Manager has also been known as "GAM."   Google denies the allegations in Paragraph 124 in all other respects.

125.   The allegations in Paragraph 125 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 and on that basis denies those allegations.  Google denies the allegations in Paragraph 125 in all other respects.

126.   The allegations in Paragraph 126 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 126 of the Complaint.

127.   Paragraph 127 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google admits that it may be appropriate to assess market shares within the United States, but denies that ad exchanges is a relevant antitrust market.  As to the third sentence of Paragraph 127 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.

128.   The allegations in Paragraph 128 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a

response is required, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 and on that basis denies those allegations.  Google denies the allegations in Paragraph 128 in all other respects.

129.    The allegations in Paragraph 129 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 129 of the Complaint.

130.    The allegations in Paragraph 130 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that different ad exchanges, publisher ad servers, ad networks, and ad buying tools may have different features and pricing.  Google denies the allegations in Paragraph 130 in all other respects.

131.    The allegations in Paragraph 131 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, and to the extent the allegations in Paragraph 131 quote, characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 131 in all other respects.

132.    The allegations in Paragraph 132 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits it operates an ad exchange, which previously was known as DoubleClick Ad Exchange or "AdX."   To the extent the allegations in Paragraph 132 quote, characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google

denies the allegations in Paragraph 132 in all other respects.

133.    The allegations in Paragraph 133 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the second and last sentence of Paragraph 133, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  As to the third, fourth, and fifth sentences of Paragraph 133, Google admits, on information and belief, the existence of an article containing the quoted language, to which article Google refers the Court for a complete and accurate statement of its contents.  To the extent the allegations in Paragraph 133 quote, characterize, or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 133 in all other respects.

134.    The allegations in Paragraph 134 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that its revenue share varies across transaction types and customers.  Google denies the allegations in Paragraph 134 in all other respects.

135.    The allegations in Paragraph 135 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the fourth sentence of Paragraph 135, Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.  As to the fifth sentence of Paragraph 135, Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.  As to the sixth

sentence of Paragraph 135, Google admits to the existence of documents containing the quoted language, to which documents Google refers the Court for a complete and accurate statement of their contents.  To the extent the allegations in Paragraph 135 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 135 in all other respects.

136.    Paragraph 136 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google admits that it may be appropriate to assess market shares within the United States, but denies that web browsers is a relevant antitrust market.  As to the third, fourth, fifth, sixth, and seventh sentence of Paragraph 136 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.

137.    The allegations in Paragraph 137 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that many consumers access certain search products and services through a browser by typing a query into the address bar or visiting those search products and services' web pages.  Google lacks sufficient information concerning the remaining allegations in Paragraph 137 and on that basis, denies the allegations.

138.    The allegations in Paragraph 138 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 138 of the Complaint.

139.    The allegations in Paragraph 139 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a

response is required, Google lacks sufficient information concerning the allegations in the third and fourth sentences of Paragraph 139 and on that basis denies the allegations.  To the extent the allegations in Paragraph 139 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 139 in all other respects.

140.    The allegations in Paragraph 140 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that in 2018 it introduced the ability to sign into Chrome; that signing into a Google service via Chrome's desktop browser automatically signed the user into Chrome as well; and that users are able to opt-out of this feature.  Google denies the allegations in Paragraph 140 in all other respects.

141.    The allegations in Paragraph 141 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, and to the extent the allegations in Paragraph 141 quote, characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 141 in all other respects.

142.    The allegations in Paragraph 142 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that it is the out-of-the-box default search provider for certain search access points, though Google notes that consumers have the choice whether to change the out-of-the-box default on certain search access points and which search product or service or application to use on certain search access points.  To the extent the allegations in

Paragraph 142 quote, characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 142 in all other respects.

143.    The allegations in Paragraph 143 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks sufficient information concerning the allegations in the first sentence of Paragraph 143 and on that basis denies the allegations.  To the extent the allegations in Paragraph 143 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 143 in all other respects.

144.    The allegations in Paragraph 144 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, and to the extent the allegations in Paragraph 144 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 144 in all other respects.

145.    The allegations in Paragraph 145 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, and to the extent the allegations in Paragraph 145 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 145 in all other respects.

146.    Google understands Paragraph 146 to have been dismissed as to Plaintiff's

Section 2 claim related to leveraging Google's search business.   ECF No. 709 at 17-20. Paragraph 146 contains legal conclusions to which no response is required.   To the extent a response is deemed necessary, Google admits that it may be appropriate to assess market shares within the United States, but denies that Internet Search services is a relevant antitrust market. Google denies the allegations in the first sentence of Paragraph 146.   Google admits that search products and services seek to enable consumers to find responsive information but otherwise denies the allegations in the second sentence of Paragraph 146.

147.   Google understands Paragraph 147 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search business.   ECF No. 709 at 17-20.   The allegations in Paragraph 147 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.   To the extent a response is required, Google denies the allegations in Paragraph 147 of the Complaint.

148.   Google understands Paragraph 148 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search business.   ECF No. 709 at 17-20.   The allegations in Paragraph 148 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.   To the extent a response is required, Google admits that different search services and products may provide different types of information, but otherwise denies the allegations in Paragraph 148.

149.   Google understands Paragraph 149 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search business.   ECF No. 709 at 17-20. Paragraph 149 contains legal conclusions to which no response is required.   To the extent a response is deemed necessary, Google admits that it may be appropriate to assess market shares within the United States, but denies that Internet Search services is a relevant market.  As to the

second sentence of Paragraph 149, Google admits that Google.com can be accessed by users in the United States but also notes that it can be accessed by users outside the United States, and further admits that a user's location is one variable that may affect the search results a user is provided, depending on the user's search and user settings, but otherwise denies the allegations in this sentence.

150.    Google understands Paragraph 150 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search business.   ECF No. 709 at 17-20. Paragraph 150 contains legal conclusions to which no response is required.   To the extent a response is deemed necessary, Google admits that it may be appropriate to assess market shares within the United States, but denies that Internet Search services is a relevant market.   Google denies the allegations in Paragraph 150 in all other respects.

151.    Google understands Paragraph 151 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search business.   ECF No. 709 at 17-20.   The allegations in Paragraph 151 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.   To the extent a response is required, Google denies the allegations in the first sentence of Paragraph 151 of the Complaint. To the extent that the third sentence of Paragraph 151 purports to construe or describe public data sources, no response is required; to the extent a response is required, Google denies that the third sentence of Paragraph 151 presents a fair and complete description of the matters described therein and, on that basis, denies the allegations in the third sentence of Paragraph 151.   Google admits that it has an agreement with Apple, under which Google is the out-of-the-box default search provider for Apple's mobile Safari browser, and that Google is the initial default search provider for certain search access points on Chrome mobile browser, though Google notes that

consumers have the choice whether to change the default on Safari and Chrome and which search product or service to use on Safari or Chrome or when using another mobile application. Google denies the allegations in Paragraph 151 in all other respects.

152.    Google understands Paragraph 152 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search business.  ECF No. 709 at 17-20.  The allegations in Paragraph 148 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, and to the extent that the figure in Paragraph 152 purports to depict, construe, or describe public data sources, no response is required; to the extent a response is required, Google denies that figure in Paragraph 152 presents a fair and complete description of the matters described therein and, on that basis, denies the allegations contained in Paragraph 152.

153.    Google understands Paragraph 153 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's Android business.  ECF No. 709 at 17-20.  The allegations in Paragraph 153 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in the first sentence of Paragraph 153 of the Complaint. As to the second sentence, Google admits that Android is an operating system that Google licenses open-source with an Apache license.  As to the third sentence, Google admits that Apple does not license iOS to third-party mobile-device manufacturers.  Google denies the allegations in Paragraph 153 in all other respects.

154.    The allegations in Paragraph 154 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  Google admits that it may be appropriate to assess market shares within the United States, but denies that

LMDOS is a relevant antitrust market.  To the extent a response is required, Google denies the allegations in Paragraph 154 of the Complaint.

155.    The allegations in Paragraph 155 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the first sentence of Paragraph 155 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  The first sentence of Paragraph 155 also includes a footnote for which Plaintiff has not provided any text.  Google denies the allegations in the second sentence of Paragraph 155.  Google denies the allegations in Paragraph 155 in all other respects.

156.    The allegations in Paragraph 156 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 156 of the Complaint.

157.    The allegations in Paragraph 157 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, and to the extent the allegations in Paragraph 157 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 157 in all other respects.

158.    The allegations in Paragraph 158 of the Complaint are premised on Plaintiff's proposed market definitions, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 158 of the Complaint.

159.    Paragraph 159 contains legal conclusions to which no response is required.  To

the extent a response is deemed necessary, Google denies the allegations in Paragraph 159.

160.     Paragraph 160 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 160.

161.     Paragraph 161 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 161.

162.     The allegations in Paragraph 162 of the Complaint are premised on Plaintiff's proposed market definitions, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 162 of the Complaint.

163.     Google denies the allegations in Paragraph 163 of the Complaint.

164.     Google denies the allegations in Paragraph 164 of the Complaint.

165.     Google denies the allegations in Paragraph 165 of the Complaint.

166.     Google denies the allegations in Paragraph 166 of the Complaint.

167.     Google denies the allegations in Paragraph 167 of the Complaint.

168.     Google denies the allegations in Paragraph 168 of the Complaint.

169.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 169 and on that basis denies those allegations.  Google denies the allegations in Paragraph 169 in all other respects.

170.     Google admits to acquiring DoubleClick in 2008 and admits that ad exchanges were in use prior to 2009 and that both prior to and after its acquisition of DoubleClick, it has faced continual competition from multiple well funded rivals.  Google denies the allegations in Paragraph 170 in all other respects.

171.     Google admits that it operates an ad exchange used by advertisers and publishers and that it offers tools that advertisers can use to purchase display advertising inventory.  Google

denies the allegations in Paragraph 171 in all other respects

172.    Google denies the allegations in Paragraph 172 of the Complaint.

173.    Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. As to the fifth sentence of Paragraph 173 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.  Google denies the allegations of Paragraph 173 in all other respects.

174.    The Figure in Paragraph 174 purports to show a tying arrangement, to which no response is required.  To the extent a response is deemed necessary, Google denies that the Figure presents a fair, accurate, and complete description of the matters described therein and, on that basis, denies the allegations contained in the figure in Paragraph 174.  Google denies the allegations in Paragraph 174 in all other respects.

175.    Google denies the allegations in Paragraph 175 of the Complaint.

176.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fifth sentences of Paragraph 176 and on that basis denies those allegations.  Google denies the allegations in Paragraph 176 in all other respects.

177.    Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 177 in all other respects

178.    Google denies the allegations in Paragraph 178 of the Complaint.

179.    Google denies the allegations in Paragraph 179 of the Complaint.

180.    Google denies the allegations in Paragraph 180 of the Complaint.

181.    Google admits the existence of documents containing the quoted language, to

which documents Google refers the Court for a complete and accurate statement of their contents.  To the extent the allegations in Paragraph 181 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth and fifth sentences of Paragraph 181 and on that basis denies those allegations.  Google denies the allegations in Paragraph 181 in all other respects.

182.    To the extent the allegations in Paragraph 182 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 182 of the Complaint.

183.    Google denies the allegations in Paragraph 183 of the Complaint.

184.    Google denies the allegations in Paragraph 184 of the Complaint.

185.    Google admits that ad servers can help track and sell a publisher's ad inventory through both direct and indirect channels to allow the publisher to attempt to maximize its revenue or achieve other goals.  Google denies the allegations in Paragraph 185 in all other respects.

186.    Google denies the allegations in Paragraph 186 of the Complaint.

187.    Google denies the allegations in Paragraph 187 of the Complaint.

188.    Google denies the allegations in Paragraph 188 of the Complaint.

189.    Google admits that there is an industry practice known as "waterfalling" that involves sequentially offering inventory to multiple exchanges, networks, or other sources of demand.  Google admits that its publisher ad server originally known as DoubleClick for

Publishers included a feature known as "dynamic allocation" that was designed to compare real time bids received through Google's ad exchange with a publisher's estimate of its yield from other channels, so as to maximize the publisher's revenue. Google denies the allegations in Paragraph 189 in all other respects.

190. Google admits that its publisher ad server originally known as DoubleClick for Publishers included a feature known as "dynamic allocation" that was designed to compare real time bids received through Google's ad exchange with a publisher's estimate of its yield from other channels, so as to maximize the publisher's revenue. Google denies the allegations in Paragraph 190 in all other respects.

191. Google admits that ad exchanges were in use prior to 2009 and that both prior to and after its acquisition of DoubleClick, it has faced continual competition from multiple well funded rivals. Google further admits that there is an industry practice known as "waterfalling" that involves sequentially offering inventory to multiple exchanges, networks, or other sources of demand. Google denies the allegations in Paragraph 191 in all other respects.

192. Google admits that there is an industry practice known as "waterfalling" that involves sequentially offering inventory to multiple exchanges, networks, or other sources of demand. Google denies the allegations in Paragraph 192 in all other respects.

193. Google admits that its publisher ad server originally known as DoubleClick for Publishers included a feature known as "dynamic allocation" that was designed to compare real time bids received through Google's ad exchange with a publisher's estimate of its yield from other channels, so as to maximize the publisher's revenue. Google denies the allegations in Paragraph 193 in all other respects.

194. Google admits that while dynamic allocation only supported the DoubleClick ad

exchange (both before and after Google acquired DoubleClick), publishers could configure an estimated or contracted CPM for any other non-guaranteed demand source, including exchanges or networks, and that many publishers use and used an exchange's historical performance when determining the expected value to configure for that exchange for a particular ad impression. Google denies the allegations in Paragraph 194 in all other respects.

195.   Google denies the allegations in Paragraph 195 of the Complaint.

196.   Google admits that its publisher ad server originally known as DoubleClick for Publishers included a feature known as "dynamic allocation" that was designed to compare real time bids received through Google's ad exchange with a publisher's estimate of its yield from other channels, so as to maximize the publisher's revenue.  Google denies the allegations in Paragraph 196 in all other respects.

197.   Google denies the allegations in Paragraph 197 of the Complaint.

198.   Google admits that Google Ad Manager included a feature originally known as Enhanced Dynamic Allocation that permits non-guaranteed demand in Google Ad Manager to compete simultaneously with guaranteed line items in Google Ad Manager when the revenue to be derived from the non-guaranteed option was higher than the opportunity cost of not serving the guaranteed line item (without risking the fulfillment of the guarantee).  As to the second sentence of Paragraph 198 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 198 in all other respects

199.   Google admits that Google Ad Manager included a feature originally known as Enhanced Dynamic Allocation that permits non-guaranteed demand in Google Ad Manager to compete simultaneously with guaranteed line items in Google Ad Manager when the revenue to

be derived from the non-guaranteed option was higher than the opportunity cost of not serving the guaranteed line item (without risking the fulfillment of the guarantee). Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. Google denies the allegations in Paragraph 199 in all other respects.

200. Google denies the allegations in Paragraph 200 of the Complaint.

201. The figure in Paragraph 201 purports to show Plaintiff's engagement with Dynamic and Enhanced Dynamic Allocation, to which no response is required. To the extent a response to the figure in Paragraph 201 is deemed necessary, Google denies that it presents a fair, accurate, and complete description of the matters described therein and, on that basis, denies the allegations contained in the figure in Paragraph 201. Google denies the allegations in Paragraph 201 in all other respects.

202. Google denies the allegations in Paragraph 202 of the Complaint.

203. Google denies the allegations in Paragraph 203 of the Complaint.

204. Google denies the allegations in Paragraph 204 of the Complaint.

205. To the extent the second, third, and fourth sentences of in Paragraph 205 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 205 in all other respects.

206. Google denies the allegations in Paragraph 206 of the Complaint.

207. As to the third sentence of Paragraph 207 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. Google denies the allegations in Paragraph 207 in all

other respects.

208.   Google denies the allegations in Paragraph 208 of the Complaint.

209.   Google denies the allegations in Paragraph 209 of the Complaint.

210.   Google denies the allegations in Paragraph 210 of the Complaint.

211.   To the extent the allegations in Paragraph 211 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.   Google denies the allegations in Paragraph 211 of the Complaint in all other respects.

212.   Google denies the allegations in Paragraph 212 of the Complaint.

213.   Google denies the allegations in Paragraph 213 of the Complaint.

214.   Google denies the allegations in Paragraph 214 of the Complaint.

215.   Google understands Paragraph 215 to have been dismissed as to Plaintiff's claim related to Minimum Bid to Win.   ECF No. 709 at 214.   To the extent Plaintiff relies on the allegations in Paragraph 215 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.   *See* ECF No. 736.   To the extent Paragraph 215 requires a response, Google denies the allegations in Paragraph 215 of the Complaint.

216.   Google understands Paragraph 216 to have been dismissed as to Plaintiff's claim related to Minimum Bid to Win.   ECF No. 709 at 214.   To the extent Plaintiff relies on the allegations in Paragraph 216 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.   *See* ECF No. 736.   To the extent Paragraph 216 requires a response, Google denies the allegations in Paragraph 216 of the Complaint.

217.    Google admits to the existence of an auction feature called Project Bernanke. Google denies the allegations in Paragraph 217 in all other respects.

218.    Google admits that in a second-price auction the bidder with the highest price above the price floor wins and pays an amount equal to either the second-highest bid or the price floor.  Google denies the allegations in Paragraph 218 in all other respects.

219.    Google admits that in a second-price auction the bidder with the highest price above the price floor wins and pays an amount equal to either the second-highest bid or the price floor.  Google denies the allegations in Paragraph 219 in all other respects.

220.    Google admits that, like other aspects of buying tools' (both Google's and rivals') determination of bids for particular impressions, the details of Project Bernanke's operations are not disclosed to publishers, although publishers do have transparency into the final bids submitted by Google Ads and other buying tools/demand-side platforms.  Google denies the allegations in Paragraph 220 in all other respects.

221.    Google admits that Project Bernanke is intended to increase advertisers' win rates in Google's ad exchange and that, like other aspects of buying tools' (both Google's and rivals') determination of bids for particular impressions, the details of Project Bernanke's operations are not disclosed to publishers, although publishers do have transparency into the final bids submitted by Google Ads and other buying tools/demand-side platforms.  Google denies the allegations in Paragraph 221 in all other respects.

222.    Google admits the existence of an auction feature known as Global Bernanke. Google further admits the existence of a program called "Bell."  Google denies the allegations in Paragraph 222 in all other respects.

223.    Google admits that according to at least one Google study, the Bernanke program

was expected to increase Google's revenue by approximately $230 million in the given year. Google further admits that Paragraph 223 reflects the approximate increase in Google's revenue from "Bell."  Google denies the allegations in Paragraph 223 in all other respects.

224.    Google admits that its ad exchange supported a feature called Dynamic Revenue Share and that, if enabled by the publisher, Dynamic Revenue Share dynamically adjusts the revenue share retained by Google's ad exchange for particular impressions to allow more bids to clear applicable price floors.  Google further admits that version 1 of the sell-side Dynamic Revenue Share optimization feature was launched in August 2015.  Google denies the allegations in Paragraph 224 in all other respects.

225.    Google denies the allegations in Paragraph 225 of the Complaint.

226.    Google denies the allegations in Paragraph 226 of the Complaint.

227.    As to the second and third sentences of Paragraph 227, Google admits that version 1 of the sell-side Dynamic Revenue Share optimization feature was launched in August 2015, and that publishers had a choice to opt out of Dynamic Revenue Share.  As to the fourth sentence of Paragraph 227, Google admits that sell-side Dynamic Revenue Share version 2 was launched in 2016, and that opting out of Dynamic Revenue Share version 2 would also opt publishers out of Dynamic Revenue Share version 1.  To the extent the allegations in Paragraph 227 quote, characterize, or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 227 in all other respects.

228.    Google denies the allegations in Paragraph 228 of the Complaint.

229.    Google admits that its ad server formally known as DoubleClick for Publishers, like other ad servers, is generally responsible for selecting, in accordance with the publisher's

preferences, the ads or ad providers for a particular page impression from among candidates identified through a publisher's direct and indirect (*i.e.*, programmatic) sales channels.  As to the fourth sentence of Paragraph 229, Google admits that Google Ad Manager included a feature originally known as Enhanced Dynamic Allocation that permits non-guaranteed demand (*i.e.*, programmatic or indirect) in Google Ad Manager to compete simultaneously with guaranteed (*i.e.*, direct) line items in Google Ad Manager when the revenue to be derived from the non-guaranteed option was higher than the opportunity cost of not serving the guaranteed line item (without risking the fulfillment of the guarantee).  Google denies the allegations in Paragraph 229 in all other respects.

230.   Google denies the allegations in Paragraph 230 of the Complaint.

231.   Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 231 and on that basis denies those allegations.

232.   As to the second, third, and fifth sentences of Paragraph 232, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 232 in all other respects.

233.   As to the third sentence of Paragraph 233, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 233 in all other respects.

234.   As to the first, second, and third sentence of Paragraph 234, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 234 in all other respects.

235.    Google denies the allegations in Paragraph 235 of the Complaint.

236.    Google denies the allegations in Paragraph 236 of the Complaint.

237.    Google denies the allegations in Paragraph 237 of the Complaint.

238.    As to the first, second, and third sentence of Paragraph 238 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 238 in all other respects.

239.    Google denies the allegations in Paragraph 239 of the Complaint.

240.    Google denies the allegations in Paragraph 240 of the Complaint.

241.    As to the first sentence of Paragraph 241 of the Complaint, Google admits that Flash is software developed by Adobe.  As to the second, third, fourth, fifth, sixth, and seventh sentence of Paragraph 241 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 241 of the Complaint in all other respects.

242.    Google denies the allegations in Paragraph 242 of the Complaint.

243.    Google admits that as part of a general migration of internet sites to open web technologies, it phased Flash out of its Chrome browser, making open web technologies the default experience for its Chrome browser in 2016, and removing Flash from its Chrome browser completely by the end of 2020 around the time when Adobe announced it would stop supporting Flash.  Google denies the allegations in Paragraph 243 in all other respects.

244.    As to the first sentence of Paragraph 244, Google admits that in September 2014, in order to help make existing ads mobile-ready in next-generation mobile formats, Google

developed Flash-to-HTML5 conversion tools for the Google Display Network and DoubleClick Campaign Manager to automatically create an HTML5 version of Flash Ads for devices or browsers that did not support Flash.  As to the second sentence of Paragraph 244, Google admits that YouTube announced in January 2015 that it would use HTML5 instead of Flash by default. To the extent the allegations in Paragraph 244 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 244 in all other respects.

245.    Google denies the allegations in Paragraph 245 of the Complaint.

246.    As to the first sentence of Paragraph 246 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies those allegations.  Google denies the allegations in Paragraph 246 in all other respects.

247.    As to the first two sentences of Paragraph 247 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 247 in all other respects.

248.    To the extent the allegations in Paragraph 248 quote, characterize, or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 248 in all other respects.

249.    Google denies the allegations in Paragraph 249 of the Complaint.

250.    The figures in Paragraph 250 purport to show a user-facing screenshot, to which

no response is required. To the extent a response is deemed necessary, Google denies that the figures present a fair, accurate, and complete description of the matters described therein and, on that basis, denies the allegations contained in the figures in Paragraph 250. Google otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 250 and on that basis denies those allegations. Google denies the allegations in Paragraph 250 in all other respects.

251. As to the first sentence of Paragraph 251 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. Google denies the allegations in Paragraph 251 in all other respects.

252. Google denies the allegations in Paragraph 252 of the Complaint.

253. Google denies the allegations in Paragraph 253 of the Complaint.

254. Google denies the allegations in Paragraph 254 of the Complaint.

255. Google admits that HTML5 is a software for video content and that HTML5 is open-source technology. As to the first and second sentence of Paragraph 255 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. Google denies the allegations in Paragraph 255 in all other respects.

256. Google denies the allegations in Paragraph 256 of the Complaint.

257. To the extent the allegations in Paragraph 257 quote, characterize, or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 257 in all other respects.

258.     Google denies the allegations in Paragraph 258 of the Complaint.

259.     To the extent the allegations in Paragraph 259 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 259 in all other respects.

260.     Google denies the allegations in Paragraph 260 of the Complaint.

261.     Google denies the allegations in Paragraph 261 of the Complaint.

262.     To the extent the allegations in Paragraph 262 characterize or describe documents or other sources, Google notes that such sources speak for themselves.  Google denies the allegations in Paragraph 262 in all other respects.

263.     Google denies the allegations in Paragraph 263 of the Complaint.

264.     Google denies the allegations in Paragraph 264 of the Complaint.

265.     Google denies the allegations in Paragraph 265 of the Complaint.

266.     Google denies the allegations in Paragraph 266 of the Complaint.

267.     Google denies the allegations in Paragraph 267 of the Complaint.

268.     Google understands Paragraph 268 to have been dismissed as to Plaintiff's claim of anticompetitive conduct related to the supposed encryption of user IDs.  ECF No. 709 at 21.  To the extent Paragraph 268 requires a response, Google admits that it hashes or encrypts the identifiers it shares with third parties in connection with publishers' impressions to ensure user privacy.  Google denies the allegations of Paragraph 268 in all other respects.

269.     Google understands Paragraph 269 to have been dismissed as to Plaintiff's claim of anticompetitive conduct related to the supposed encryption of user IDs.  ECF No. 709 at 21.  Google further understands that the allegations in Paragraph 269 of the Complaint are premised

on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.

o the extent Paragraph 269 requires a response, Google admits that impressions without associated cookies or alternative means of understanding what may be relevant to users can have lower value in some instances (which one study estimated could be approximately 50% less). As to the first and last sentence of Paragraph 269 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. Google denies the allegations in Paragraph 269 in all other respects.

270. Google understands Paragraph 270 to have been dismissed as to Plaintiff's claim of anticompetitive conduct related to the supposed encryption of user IDs. ECF No. 709 at 21. To the extent the allegations in Paragraph 270 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent Paragraph 270 requires a response, Google denies the allegations in Paragraph 270 of the Complaint.

271. Google understands Paragraph 271 to have been dismissed as to Plaintiff's claim of anticompetitive conduct related to the supposed encryption of user IDs. ECF No. 709 at 21. To the extent Paragraph 271 requires a response, Google responds as follows: Google admits that encrypting user IDs enhances user privacy. To the extent the allegations in Paragraph 271 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 271 in all other respects.

272. Google understands Paragraph 272 to have been dismissed as to Plaintiff's claim of anticompetitive conduct related to the supposed encryption of user IDs. ECF No. 709 at 21. To the extent Paragraph 272 requires a response, Google responds as follows: Google admits that

it has announced its intention to phase out support for third-party cookies in Chrome for the entire web ecosystem (including Google) in 2022 in order to meet evolving consumer privacy expectations.  To the extent the allegations in Paragraph 272 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 272 in all other respects.

273.   Google understands Paragraph 273 to have been dismissed as to Plaintiff's claim of anticompetitive conduct related to the supposed encryption of user IDs.  ECF No. 709 at 21. To the extent Paragraph 273 requires a response, Google denies the allegations in Paragraph 273 of the Complaint.

274.   As to the first sentence of Paragraph 274 of the Complaint, Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.  To the extent the allegations in Paragraph 274 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 274 in all other respects.

275.   To the extent the allegations in Paragraph 275 quote, characterize, or describe documents or other sources, Google notes that such sources speak for themselves.  Google denies the allegations in Paragraph 275 in all other respects.

276.   Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 276 and on that basis denies those allegations.  Google denies the allegations in Paragraph 276 in all other respects.

277.   As to the first sentence of Paragraph 277 of the Complaint, Google lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.   As to the second sentence of Paragraph 277 of the Complaint and accompanying footnote, to the extent the allegations in Paragraph 277 quote, characterize, or describe documents or other sources, Google notes that such sources speak for themselves.  Google denies the allegations in Paragraph 277 in all other respects.

278.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 278 and on that basis denies those allegations.  Google denies the allegations in Paragraph 278 in all other respects.

279.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 279 and on that basis denies those allegations.  Google denies the allegations in Paragraph 279 in all other respects.

280.    To the extent the allegations in Paragraph 280 quote, characterize, or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.   Google denies the allegations in Paragraph 280 in all other respects.

281.    Google denies the allegations in Paragraph 281 of the Complaint.

282.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 282 and on that basis denies those allegations.  Google denies Paragraph 282 in all other respects.

283.    To the extent the allegations in Paragraph 283 and footnote 40 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.   Google denies the allegations in Paragraph 283 in all other respects.

284.    Google denies the allegations in Paragraph 284 of the Complaint.

285.    Google understands Paragraph 285 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser businesses.  ECF No. 709 at 17-20.  To the extent Paragraph 285 requires a response, Google denies the allegations in Paragraph 285 of the Complaint.

286.    Google understands Paragraph 286 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser businesses.  ECF No. 709 at 17-20.  To the extent the allegations in Paragraph 286 or footnote 41 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  To the extent Plaintiff relies on the allegations in Paragraph 286 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 286 requires a response, Google denies the allegations in Paragraph 286 of the Complaint.

287.    Google understands Paragraph 287 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser businesses.  ECF No. 709 at 17-20.  To the extent Plaintiff relies on the allegations in Paragraph 287 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 287 requires a response, Google denies the allegations in Paragraph 287 of the Complaint.

288.    Google understands Paragraph 288 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, and browser businesses.  ECF No. 709 at 17-20.  To the extent the allegations in Paragraph 288 or footnote 42 characterize or

describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  To the extent Plaintiff relies on the allegations in Paragraph 288 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 288 requires a response, Google denies the allegations in Paragraph 288 of the Complaint.

289.    Google understands Paragraph 289 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, and browser businesses.  ECF No. 709 at 17-20.  To the extent the allegations in Paragraph 289 or footnote 43 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  To the extent Paragraph 289 requires a response, as to the first sentence of Paragraph 289 of the Complaint, Google admits that it has entered into agreements that provide for preinstallation of a suite of Google apps and that these agreements contain provisions regarding placement of certain Google apps on devices' system partitions and default home screen for the out-of-the- box settings, but denies Plaintiff's characterization of those agreements.  As to the second sentence of Paragraph 289 of the Complaint, Google admits that it has entered into various agreements with mobile device manufacturers for the promotion of Google's products and services, including agreements that provide for Google's search service to be the out-of-the-box default search service for certain search access points, and that, in exchange, Google shares a portion of revenue received from devices enrolled, but denies Plaintiff's characterization of those agreements.  Google denies the allegations in Paragraph 289 in all other respects.

290.    Google understands Paragraph 290 to have been dismissed as to Plaintiff's

Section 2 claim related to leveraging Google's search, Android, and browser businesses.  ECF No. 709 at 17-20.  To the extent Plaintiff relies on the allegations in Paragraph 290 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 290 requires a response, Google denies the allegations in Paragraph 290 of the Complaint.

291.   Google understands Paragraph 291 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser businesses.  ECF No. 709 at 17-20.  To the extent the allegations in Paragraph 291 or footnote 44 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  To the extent Plaintiff relies on the allegations in Paragraph 291 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 291 requires a response, Google denies the allegations in Paragraph 291 of the Complaint.

292.   Google understands Paragraph 292 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser businesses.  ECF No. 709 at 17-20.  To the extent the allegations in Paragraph 292 or footnotes 45-46 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  To the extent Plaintiff relies on the allegations in Paragraph 292 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 292 requires a response, Google denies the allegations in Paragraph 292 of the Complaint.

293.     Google understands Paragraph 293 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search business.  ECF No. 709 at 17-20.  To the extent Plaintiff relies on the allegations in Paragraph 293 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 293 requires a response, Google denies the allegations in Paragraph 293 of the Complaint.

294.     Google understands Paragraph 294 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search business.  ECF No. 709 at 17-20.  To the extent Plaintiff relies on the allegations in Paragraph 294 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 294 requires a response, Google denies the allegations in Paragraph 294 of the Complaint.

295.     Google understands Paragraph 295 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search business.  ECF No. 709 at 17-20.  To the extent Plaintiff relies on the allegations in Paragraph 295 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 295 requires a response, Google denies the allegations in Paragraph 295 of the Complaint.

296.     Google understands Paragraph 296 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search business.  ECF No. 709 at 17-20.  To the extent Plaintiff relies on the allegations in Paragraph 296 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 296 requires a response, Google denies the

allegations in Paragraph 296 of the Complaint.

297.    Google understands Paragraph 297 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search business.  ECF No. 709 at 17-20.  To the extent Plaintiff relies on the allegations in Paragraph 297 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 297 requires a response, Google denies the allegations in Paragraph 297 of the Complaint.

298.    Google understands Paragraph 298 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search business.  ECF No. 709 at 17-20.  To the extent the allegations in Paragraph 298 or footnote 47 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  To the extent Plaintiff relies on the allegations in Paragraph 298 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 298 requires a response, Google denies the allegations in Paragraph 298 of the Complaint.

299.    Google understands Paragraph 299 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's ad server and browser businesses.  ECF No. 709 at 20.  To the extent Plaintiff relies on the allegations in Paragraph 299 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 299 requires a response, Google denies the allegations in Paragraph 299 of the Complaint.

300.    Google denies the allegations in Paragraph 300 of the Complaint.

301.     Paragraph 301 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google does not dispute that Defendants engage in interstate commerce and denies the remaining allegations in Paragraph 301.

302.     Google denies the allegations in Paragraph 302 of the Complaint.

303.     Google denies the allegations in Paragraph 303 of the Complaint.

304.     Google denies the allegations in Paragraph 304 of the Complaint.

305.     Google denies the allegations in Paragraph 305 of the Complaint.

306.     Google denies the allegations in Paragraph 306 of the Complaint.

307.     Google denies the allegations in Paragraph 307 of the Complaint.

308.     Google denies the allegations in Paragraph 308 of the Complaint.

309.     Google denies the allegations in Paragraph 309 of the Complaint.

310.     Google denies the allegations in Paragraph 310 of the Complaint.

311.     As to the second, third, and fourth sentences of Paragraph 311 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 311 in all other respects.

312.     Google denies the allegations in Paragraph 312 of the Complaint.

313.     As to the second and third sentences of Paragraph 313 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 313 in all other respects.

314.     As to the third sentence of Paragraph 314 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

and on that basis denies those allegations.   To the extent the allegations in Paragraph 314 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 314 in all other respects.

315.   As to the final sentence of Paragraph 315 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 315 in all other respects.

316.   To the extent the allegations in Paragraph 316 and footnote 48 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 316 in all other respects.

317.   Google denies the allegations in Paragraph 317 of the Complaint.

318.   As to the first sentence of Paragraph 318 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 318 in all other respects.

319.   Google restates its response to every allegation set forth above as if stated herein.

320.   Google understands Paragraph 320 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser businesses, ECF No. 709 at 17-20, and Minimum Bid to Win, ECF No. 709 at 24.  Paragraph 320 also contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 320 of the Complaint.

321.    Google understands Paragraph 321 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser businesses, ECF No. 709 at 17-20, and Minimum Bid to Win, ECF No. 709 at 24.  Paragraph 321 also contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 321 of the Complaint.

322.    Google understands Paragraph 322 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser businesses, ECF No. 709 at 17-20, and Minimum Bid to Win, ECF No. 709 at 24.  Paragraph 322 also contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google admits the existence of the Sherman Act, to which Google refers the Court for a complete and accurate statement of its contents.  Google denies the allegations in Paragraph 322 in all other respects.

323.    Google understands Paragraph 323 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser businesses, ECF No. 709 at 17-20, and Minimum Bid to Win, ECF No. 709 at 24.  Paragraph 323 also contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 323 of the Complaint.

324.    Google understands Paragraph 324 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser businesses, ECF No. 709 at 17-20, and Minimum Bid to Win, ECF No. 709 at 24.  Paragraph 324 also contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 324 of the Complaint.

325.    Google understands Paragraph 325 to have been dismissed as to Plaintiff's

Section 2 claim related to leveraging Google's search, Android, ad server, and browser businesses, ECF No. 709 at 17-20, and Minimum Bid to Win, ECF No. 709 at 24. Paragraph 325 also contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Google denies that Plaintiff is entitled to any of the remedies or relief sought in the Complaint and denies the allegations in Paragraph 325 of the Complaint in all other respects.

326.     Google understands Paragraph 326 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser businesses, ECF No. 709 at 17-20, and Minimum Bid to Win, ECF No. 709 at 24. Google further understands Plaintiff's request for injunctive relief to have been dismissed, ECF No. 709 at 25. Paragraph 326 also contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Google denies the allegations in Paragraph 326 of the Complaint.

327.     Google restates its response to every allegation set forth above as if stated herein.

328.     Google understands Paragraph 328 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser businesses, ECF No. 709 at 17-20, and Minimum Bid to Win, ECF No. 709 at 24. Paragraph 328 also contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Google denies the allegations in Paragraph 328 of the Complaint.

329.     Google understands Paragraph 329 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser businesses, ECF No. 709 at 17-20, and Minimum Bid to Win, ECF No. 709 at 24. Paragraph 329 also contains legal conclusions to which no response is required. To the extent a response is

deemed necessary, Google admits the existence of the Sherman Act, to which Google refers the Court for a complete and accurate statement of its contents.  Google denies the allegations in Paragraph 329 in all other respects.

330.    Google understands Paragraph 330 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser businesses, ECF No. 709 at 17-20, and Minimum Bid to Win, ECF No. 709 at 24.  Paragraph 330 also contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 330 of the Complaint.

331.    Google understands Paragraph 331 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser businesses, ECF No. 709 at 17-20, and Minimum Bid to Win, ECF No. 709 at 24.  Paragraph 331 also contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 331 of the Complaint.

332.    Google understands Paragraph 332 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser businesses, ECF No. 709 at 17-20, and Minimum Bid to Win, ECF No. 709 at 24.  Paragraph 332 also contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 332 of the Complaint.

333.    Google understands Paragraph 333 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser businesses, ECF No. 709 at 17-20, and Minimum Bid to Win, ECF No. 709 at 24.  Paragraph 333 also contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 333 of the Complaint.

334.    Google understands Paragraph 334 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser businesses, ECF No. 709 at 17-20, and Minimum Bid to Win, ECF No. 709 at 24.  Paragraph 334 also contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies that Plaintiff is entitled to any of the remedies or relief sought in the Complaint.  Google denies the allegations in Paragraph 334 in all other respects.

335.    Google understands Paragraph 335 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser businesses, ECF No. 709 at 17-20, and Minimum Bid to Win, ECF No. 709 at 24.  Google further understands Plaintiff's request for injunctive relief to have been dismissed, ECF No. 709 at 25.  Paragraph 335 also contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 335 of the Complaint.

336.    Google restates its response to every allegation set forth above as if stated herein.

337.    Google understands Paragraph 337 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser businesses, ECF No. 709 at 17-20, and Minimum Bid to Win, ECF No. 709 at 24.  Paragraph 337 also contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 337 of the Complaint.

338.    Google understands Paragraph 338 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser businesses, ECF No. 709 at 17-20, and Minimum Bid to Win, ECF No. 709 at 24.  Paragraph 338 also contains legal conclusions to which no response is required.  To the extent a response is

deemed necessary, Google denies the allegations in Paragraph 338 of the Complaint.

339.   Google understands Paragraph 339 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser businesses, ECF No. 709 at 17-20, and Minimum Bid to Win, ECF No. 709 at 24.  Paragraph 339 also contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 339 of the Complaint.

340.   Google understands Paragraph 340 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser businesses, ECF No. 709 at 17-20, and Minimum Bid to Win, ECF No. 709 at 24.  Paragraph 340 also contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 340 of the Complaint.

341.   Google understands Paragraph 341 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser businesses, ECF No. 709 at 17-20, and Minimum Bid to Win, ECF No. 709 at 24.  Paragraph 341 also contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 341 of the Complaint.

342.   Google understands Paragraph 342 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser businesses, ECF No. 709 at 17-20, and Minimum Bid to Win, ECF No. 709 at 24.  Paragraph 342 also contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 342 of the Complaint.

343.   Google understands Paragraph 343 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser

businesses, ECF No. 709 at 17-20, and Minimum Bid to Win, ECF No. 709 at 24. Paragraph 343 also contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Google denies the allegations in Paragraph 343 of the Complaint.

344.    Google restates its response to every allegation set forth above as if stated herein.

345.    Google understands Paragraph 345 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser businesses, ECF No. 709 at 17-20, and Minimum Bid to Win, ECF No. 709 at 24. Paragraph 345 also contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Google denies the allegations in Paragraph 345 of the Complaint.

346.    Google understands Paragraph 346 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser businesses, ECF No. 709 at 17-20, and Minimum Bid to Win, ECF No. 709 at 24. Paragraph 346 also contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Google denies the allegations in Paragraph 346 of the Complaint.

347.    Google understands Paragraph 347 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser businesses, ECF No. 709 at 17-20, and Minimum Bid to Win, ECF No. 709 at 24. Paragraph 347 also contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Google denies the allegations in Paragraph 347 of the Complaint.

348.    Google understands Paragraph 348 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser businesses, ECF No. 709 at 17-20, and Minimum Bid to Win, ECF No. 709 at 24. Paragraph 348 also contains legal conclusions to which no response is required. To the extent a response is

deemed necessary, Google denies the allegations in Paragraph 348 of the Complaint.

349.    Google understands Paragraph 349 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser businesses, ECF No. 709 at 17-20, and Minimum Bid to Win, ECF No. 709 at 24.  Paragraph 349 also contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 349 of the Complaint.

350.    Google understands Paragraph 350 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser businesses, ECF No. 709 at 17-20, and Minimum Bid to Win, ECF No. 709 at 24.  Paragraph 350 also contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 350 of the Complaint.

351.    Google understands Paragraph 351 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser businesses, ECF No. 709 at 17-20, and Minimum Bid to Win, ECF No. 709 at 24.  Paragraph 351 also contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 351 of the Complaint.

352.    Google understands Paragraph 352 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser businesses, ECF No. 709 at 17-20, and Minimum Bid to Win, ECF No. 709 at 24.  Paragraph 352 also contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 352 of the Complaint.

353.    Google understands Paragraph 353 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser

businesses, ECF No. 709 at 17-20, and Minimum Bid to Win, ECF No. 709 at 24.  Paragraph 353 also contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 353 of the Complaint.

354.    Google understands Paragraph 354 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser businesses, ECF No. 709 at 17-20, and Minimum Bid to Win, ECF No. 709 at 24.  Paragraph 354 also contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 354 of the Complaint.

355.    Google understands Paragraph 355 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser businesses, ECF No. 709 at 17-20, and Minimum Bid to Win, ECF No. 709 at 24.  Paragraph 355 also contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 355 of the Complaint.

356.    Google understands Paragraph 356 to have been dismissed as to Plaintiff's Section 2 claim related to leveraging Google's search, Android, ad server, and browser businesses, ECF No. 709 at 17-20, and Minimum Bid to Win, ECF No. 709 at 24.  Paragraph 356 also contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 356 of the Complaint.

357.    Paragraph 357 contains legal conclusions to which no response is required; to the extent a response is deemed necessary, Google admits the existence of the Sherman Act, to which Google refers the Court for a complete and accurate statement of its contents.  Google denies the allegations in Paragraph 357 in all other respects.

358.    Google restates its response to every allegation set forth above as if stated herein.

359.    Google denies the allegations in Paragraph 359 of the Complaint.

360.    Google denies the allegations in Paragraph 360 of the Complaint.

361.    Google denies the allegations in Paragraph 361 of the Complaint.

362.    Google denies the allegations in Paragraph 362 of the Complaint.

363.    Google denies the allegations in Paragraph 363 of the Complaint.

364.    Google denies the allegations in Paragraph 364 of the Complaint.

365.    Google denies the allegations in Paragraph 365 of the Complaint.

366.    Google denies the allegations in Paragraph 366 of the Complaint.

367.    Google denies the allegations in Paragraph 367 of the Complaint.

368.    Google denies the allegations in Paragraph 368 of the Complaint.

369.    Google denies the allegations in Paragraph 369 of the Complaint.

370.    Google denies the allegations in Paragraph 370 of the Complaint.

371.    Paragraph 371 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google admits the existence of the Clayton Act, to which Google refers the Court for a complete and accurate statement of its contents.  Google denies the allegations in Paragraph 371 in all other respects.

372.    Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  In the alternative, Google denies the allegations in Paragraph 372 of the Complaint.

373.    Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  In the alternative, Google denies the allegations in Paragraph 373 of the Complaint.

374.    Google defers answering in anticipation of the Court's ruling on any proposed

amended pleading.   *See* ECF No. 736.   In the alternative, Google denies the allegations in Paragraph 374 of the Complaint.

375.   Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.   *See* ECF No. 736.   In the alternative, Google denies the allegations in Paragraph 375 of the Complaint.

376.   Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.   *See* ECF No. 736.   In the alternative, Google denies the allegations in Paragraph 376 of the Complaint.

377.   Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.   *See* ECF No. 736.   In the alternative, Google denies the allegations in Paragraph 377 of the Complaint.

378.   Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.   *See* ECF No. 736.   In the alternative, Google denies the allegations in Paragraph 378 of the Complaint.

379.   Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.   *See* ECF No. 736.   In the alternative, Google denies the allegations in Paragraph 379 of the Complaint.

380.   Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.   *See* ECF No. 736.   In the alternative, Google denies the allegations in Paragraph 380 of the Complaint.

381.   Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.   *See* ECF No. 736.   In the alternative, Google denies the allegations in Paragraph 381 of the Complaint.

382.     Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.   *See* ECF No. 736.   In the alternative, Google denies the allegations in Paragraph 382 of the Complaint.

383.     Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.   *See* ECF No. 736.   In the alternative, Google denies the allegations in Paragraph 383 of the Complaint.

384.     Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.   *See* ECF No. 736.   In the alternative, Google denies the allegations in Paragraph 384 of the Complaint.

385.     Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.   *See* ECF No. 736.   In the alternative, Google denies the allegations in Paragraph 385 of the Complaint.

386.     Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.   *See* ECF No. 736.   In the alternative, Google denies the allegations in Paragraph 386 of the Complaint.

387.     Prayer for Relief sets forth the relief sought by the Plaintiff, to which no response is required.   To the extent a response is deemed necessary, Google denies the allegations contained in Prayer for Relief and denies that Plaintiff is entitled to any of the remedies or relief sought in the Complaint.

388.     Prayer for Relief Paragraph 1 sets forth the relief sought by the Plaintiff, to which no response is required.   To the extent a response is deemed necessary, Google denies the allegations contained in Prayer for Relief Paragraph 1 and denies that Plaintiff is entitled to any of the remedies or relief sought in the Complaint.

389.    Google understands Plaintiff's prayer for injunctive relief to have been dismissed, ECF No. 709 at 25.   To the extent Paragraph Prayer for Relief Paragraph 2 nonetheless still requires an answer relevant to Plaintiff's remaining claims, Google denies the allegations contained in Prayer for Relief Paragraph 2 and denies that Plaintiff is entitled to any of the remedies or relief sought in the Complaint.

390.    Prayer for Relief Paragraph 3 sets forth the relief sought by the Plaintiff, to which no response is required.   To the extent a response is deemed necessary, Google denies the allegations contained in Prayer for Relief Paragraph 3 and denies that Plaintiff is entitled to any of the remedies or relief sought in the Complaint.

391.    Prayer for Relief Paragraph 4 sets forth the relief sought by the Plaintiff, to which no response is required.   To the extent a response is deemed necessary, Google denies the allegations contained in Prayer for Relief Paragraph 4 and denies that Plaintiff is entitled to any of the remedies or relief sought in the Complaint.

392.    Prayer for Relief Paragraph 5 sets forth the relief sought by the Plaintiff, to which no response is required.   To the extent a response is deemed necessary, Google denies the allegations contained in Prayer for Relief Paragraph 5 and denies that Plaintiff is entitled to any of the remedies or relief sought in the Complaint.

393.    No response is required to Plaintiff's Jury Demand.

## ADDITIONAL DEFENSES

Without assuming any burden that it would not otherwise bear, Google asserts the following defenses to the Complaint.   By designating these defenses, Google does not intend to suggest either that Plaintiff does not bear the burden of proof as to such matters or that such matters are not elements of Plaintiff's prima facie case against Google—or that Google bears the

burden of proof as to such matters.  Further, Google reserves all affirmative defenses under Federal Rule of Civil Procedure 8(c) and any additional defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

### First Defense

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.

### Second Defense

The relief sought by Plaintiff would be contrary to the public interest, harm consumers and businesses, and is otherwise inequitable, impractical, and unworkable.

### Third Defense

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to allege any legally cognizable relevant product or geographic market.

### Fourth Defense

Google has never had, and is unlikely to obtain, monopoly power in any properly defined relevant market for advertising services.

### Fifth Defense

Google's conduct alleged by Plaintiff in the Complaint was lawful, justified, procompetitive, and carried out in Google's legitimate business interests and constitutes bona fide competitive activity, the benefits of which significantly outweigh any alleged anticompetitive effects.

## Sixth Defense

Plaintiff's claims are barred, in whole or in part, for failure to allege any plausible harm to competition or consumers.

## Seventh Defense

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to allege a cognizable antitrust injury.

## Eighth Defense

Plaintiff is not entitled to injunctive relief on conduct that occurred solely in the past.

## Ninth Defense

To the extent that Plaintiff seeks recovery of civil penalties, those civil penalties are limited by the applicable state statutes, the due process clause of the U.S. and applicable state Constitutions and, in addition, they must have a reasonable relation to the actual harm established.

## Tenth Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or by the doctrine of laches.

## Eleventh Defense

Plaintiff's alleged damages were not legally caused by Google.

## Twelfth Defense

Plaintiff has failed to mitigate any alleged damages.

## Thirteenth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## Fourteenth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## Fifteenth Defense

Plaintiff's claims are barred because Plaintiff did not suffer any legally cognizable injury or damages as a result of Google's conduct.

## Sixteenth Defense

To the extent Plaintiff seeks relief on behalf of parties other than natural persons who are direct purchasers, Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing to do so.

## Seventeenth Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff's contractual agreements with Google include a provision which provides that disputes will be resolved through arbitration.

## Eighteenth Defense

Plaintiff's claims are barred, in whole or in part, because they were relinquished by Plaintiff through contract with Google.

## Nineteenth Defense

To the extent defenses to Plaintiff's state law claims are required at this juncture, Plaintiffs' state law claims fail for myriad reasons, including those set forth in Google's pre-motion letter. *See* ECF No. 720. For example, Plaintiff's common-law fraud claims are barred, in whole or in part, for failure to allege with particularity the circumstances constituting fraud or mistake and because Plaintiffs have not and cannot establish a false, misleading, or deceptive act or practice.

**Twentieth Defense**

Plaintiff's claims are barred, in whole or in part, because they are subsumed within the parens patriae claims asserted in the case captioned *The State of Texas, et al. v. Google, LLC* that is pending in the U.S. District Court for the Eastern District of Texas under docket number 4:20-cv-00957-SDJ.

Google reserves the right to supplement its Answer and affirmative and additional defenses with other defenses that become available or apparent in the course of investigation, preparation, and/or discovery, and to amend its Answer accordingly.

**DEMAND FOR JURY TRIAL**

In accordance with the Federal Rule of Civil Procedure 38(b), Google demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Google prays for relief as follows:

(a) That the Complaint against Google be dismissed in its entirety, with prejudice;

(b) That Google be awarded its attorneys' fees and costs and expenses of the suit; and

(c) That the Court award such other and further relief to Google as the Court deems just and proper.

Dated: March 29, 2024                    Respectfully Submitted,


                                         */s/ Justina Sessions*
                                         Justina K. Sessions
                                         FRESHFIELDS BRUCKHAUS
                                         DERINGER US LLP
                                         855 Main Street
                                         Redwood City, CA 94063
                                         Telephone: (650) 618-9250
                                         Fax: (650) 461-8276
                                         justina.sessions@freshfields.com

                                         Eric Mahr
                                         Robert J. McCallum
                                         FRESHFIELDS BRUCKHAUS
                                         DERINGER US LLP
                                         700 13th Street NW, 10th Floor
                                         Washington, DC 20005
                                         Telephone: (202) 777-4500
                                         Fax: (202) 777-4555
                                         eric.mahr@freshfields.com
                                         rob.mccallum@freshfields.com

                                         Daniel Bitton
                                         Denise L. Plunkett
                                         Craig M. Reiser
                                         Eva H. Yung
                                         Claire L. Haws
                                         AXINN, VELTROP & HARKRIDER LLP
                                         114 West 47th Street
                                         New York, New York 10036
                                         Telephone: (212) 728-2200
                                         Fax: (212) 728-2201
                                         dbitton@axinn.com
                                         dplunkett@axinn.com
                                         creiser@axinn.com
                                         eyung@axinn.com
                                         chaws@axinn.com

                                         Bradley Justus (*pro hac vice*)
                                         AXINN, VELTROP & HARKRIDER LLP
                                         1901 L Street NW
                                         Washington, DC 20036

Telephone: (202) 912-4700
Fax: (202) 912-4701
bjustus@axinn.com

Caroline P. Boisvert (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, Connecticut 06103
Telephone: (860) 275-8100
Fax: (860) 275-8101
cboisvert@axinn.com

*Counsel for Defendants Google LLC,
Alphabet Inc., and YouTube LLC*